(89 App. Div. 490.)

### In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. STREET OPENING PROCEEDING—EFFECT OF PRESENTATION BY CORPORATION COUNSEL OF REPORT FOR CONFIRMATION.

Under Greater New York Charter (Laws 1901, p. 414, c. 466) § 984, providing that the corporation counsel may present for confirmation the report of commissioners in street opening proceedings, or, in case of his neglect or refusal to do so, any one interested may present it on notice to him; and section 986 (page 416), providing that the court can either confirm the report in whole or in part, or refer it; and section 988, providing that the city or any other party or person affected or aggrieved by the report when confirmed, may appeal—the presentation of the report for confirmation by the corporation counsel is to be regarded as the furtherance of the proceedings by the usual procedure, and does not preclude his opposition, either at the hearing thereon or on appeal.

2. SAME—APPEAL—PROOF OF EVIDENCE IN RECORD.

Under Greater New York Charter (Laws 1901, p. 417, c. 466) § 988, providing that appeal from the confirmation of the report of commissioners in street opening proceedings shall be based on the evidence taken before the commissioners, or such part thereof as the court may certify, or the parties to the appeal may agree on, as sufficient to present the merits of the questions in respect to which the appeal is had, there being a stipulation in the record that the foregoing are true copies of original papers used in the court below on which the case appealed from was made, the order being based on the final report as well as the preliminary report, proofs, testimony, and objections on file, and the record showing that the commissioners reported to the court the minutes of the testimony taken by them, and that thereafter the notice of confirmation

was made, there is sufficient proof that the record on appeal contains the evidence taken before the commission.

**3. SAME—TAKING DEDICATED LANDS—DAMAGES.**
The damage to lands by the acquisition by the city in fee for street purposes of land in front thereof already dedicated to street purposes is any depreciation in the market value of the lands caused thereby.

Appeals from Special Term, Kings County.

In the matter of the application of the city of New York relative to acquiring title to the lands, tenements, and hereditaments required for the purpose of opening Foster avenue. From the order confirming the final report of commissioners of estimate and assessment, cross-appeals are taken. Reversed.

Argued before BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Barclay E. V. McCarty (Jared G. Baldwin, Jr., on the brief), for Germania Real Estate & Improvement Company.

Joseph A. Flannery, for Annie W. Stephens, Benjamin F. Stephens, and Greater New York Development Company.

Charles S. Taber, for city of New York.

JENKS, J. The learned counsel for the Germania Company insists, forasmuch as the corporation counsel moved for a confirmation of the report, he cannot be heard on appeal from the order. The authorities cited by him present cases where the order or judgment was entered on default or by consent. This order recites notice of motion for confirmation and the hearing of counsel, but it does not recite any counsel as then moving to confirm. The Greater New York Charter provides that the corporation counsel may present the report for confirmation, or any person interested may do so, upon notice to him, in case of his neglect or refusal. Laws 1901, p. 414, c. 466, § 984. Pursuant to this practice, the corporation counsel gave notice, as required by the statute, that the said report would be presented for confirmation. The court could either confirm the report in whole or in part, or refer the same to the old commission for revisal or correction, or to new commissioners for reconsideration (page 416, § 986), and the city or any other party or person affected or aggrieved may appeal. I think that the presentation of the report as for confirmation by the corporation counsel may be regarded as the furtherance of the proceedings by the usual procedure, and that, by thus bringing up the report for whatever action the court might take thereon, the corporation counsel was not precluded from his opposition either at that hearing or upon this appeal. In other words, if he wishes to object to the report, he was not bound to neglect or to refuse to present it to the court. The only affirmative act open to him was to take the step taken by him in this proceeding.

It is also objected that the record is defective in that it does not present a certificate that the record contains all the evidence. Section 988 (page 417) of the charter provides that the appeal shall be based upon the evidence taken before the commissioners, or such part or portion thereof as the Special Term may certify, or the parties to said ap-

peal may agree upon, as sufficient to present the merits of the questions in respect to which appeal shall be had. The stipulation in the record reads that the foregoing are true copies of original papers used in the court below on which the case appealed from was made. The order is based upon the final report as well as the preliminary report, proofs, testimony, and objections already on file herein. The statement of the record shows that the commissioners duly reported to the court, with the minutes of the testimony taken by them, and that thereafter the notice of confirmation was given. I think that this is sufficient proof that the record on appeal contains the evidence taken before the commission.

The preliminary report compensated the Germania Company by allowing a free value of about five acres of land taken for the street. The city and the appellant Stephens then objected that the award was excessive, for the reason that this land had been theretofore thrown open to public use and had been dedicated to street purposes. The commission thereupon took testimony upon this question, determined that the street had been thus dedicated, and reduced its original award by one-half. The able and thorough opinion of Maddox, J., at Special Term, makes extended comment upon the correctness of this conclusion unnecessary. But I think that examination of the record reveals that the commission adopted the wrong principle for their award. This mistaking clearly appears from the fact that the commission first awarded a fee value of the land taken, and then, after ascertaining the prior dedication of the land to street purposes, made an award which was but a reduction of the original award, and received no further evidence save that which related to the value of the land taken. It appears from the minutes:

"All commissioners met in executive session on January 7, 1903, and decided, after due deliberation, that they would make no change in the district of assessment, and as to parcels Nos. 1, 4, 5, 6, 7, and 8, they decided that the land embraced in those parcels was charged with an easement in favor of the grantees of the Germania Real Estate & Improvement Company who have purchased property on map of South Midwood, and therefore reduced the awards for said parcels to a sum equal to fifty per cent. of the preliminary awards, and directed the clerk to have an amended report prepared," etc.

In fine, the value of the land condemned was still assumed as the basis of the damage. But I think that the true rule is laid down in City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592, namely, "such substantial damages as would be ascertained by measuring the effect upon the value of their property by such a deprivation." In other words, the question was: Is the fair market value of the Germania's abutting property depreciated by the fact that land in front, already dedicated to street purposes, is acquired by the city in fee for street purposes? That depreciation, if any, is the basis of the award. The opinion of Gray, J., in the Pratt Case, supra, discusses and indicates the reason of the rule and the possible elements of damage. Mr. Justice Maddox also states the rule of the City of Buffalo v. Pratt, supra, in his learned opinion. But the difficulty is that it is quite evident that this rule did not obtain in the assessment made by the commissioners.

The order confirming the report of the commissioners should be .reversed, and the proceedings referred back to the commission.

Order confirming report of commissioners reversed, without costs of this appeal to any party, and matter remitted to the same commissioners for disposition in accordance with the opinion of Jenks, J.   All concur.