(45 Misc. Rep. 162)

In re CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. November, 1904.)

1. MUNICIPAL CORPORATIONS—OPENING STREET.
    There is no provision in the charter of Greater New York authorizing
    a proceeding to acquire and open as a street in the borough of Brooklyn
    a pre-existing town highway.

In the matter of the application of the city of New York relative
to acquiring title to lands for the opening of Eighty-Fifth street. Ap-
plication for confirmation of final report of commissioners. Motion
to confirm denied.

James F. Quigley, for the motion.
Michael Furst, opposed.

GAYNOR, J. The section of 85th street between 18th avenue and
Stilwell avenue lies in the two former adjoining towns of New Utrecht
and Gravesend, which were taken into the former city of Brooklyn as
the 30th and 31st wards by act of the Legislature in 1894. It was on
the official street map, and was laid out, opened, graded and dedicated
to the public as a street, during the existence of the said towns, by
the owners of the lands through which it ran, and was accepted as
such not only by common user, but by many formal acts of use and
appropriation by the officials of the said towns competent to act in that
behalf, and also by officials of like powers of the city of Brooklyn after
said towns had become a part of the said city. Of all of this there is
no dispute or doubt. It would savor of pedantry to cite the judicial

decisions that public highways may be thus established. They are collected in the very able brief of the learned counsel for the opposing property owners.

It follows that this proceeding to acquire and open this part of 85th street was unnecessary.

The suggestion that it was necessary in order to acquire the fee in trust for street uses which under the city charter (section 990) is acquired by such proceedings, is without force or substance. It is true that under the town laws as well as under the charter of the city of Brooklyn the nominal fee was left in the owners, and only an easement for all street uses was taken; whereas under the terms of the charter of the city of New York the "fee" is taken "in trust" for all street uses. Between such a qualified fee in trust for all street uses, and an easement for all street uses, there is no substantial difference. In either case, the municipal corporation has possession and control of the street for all street uses, and for nothing further. In the case of City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592, the court seems to have thought that under the words of the charter of the city of Buffalo the fee that was there taken is not this qualified fee in trust, but a larger fee, if not an absolute one, under which the city or the state could authorize other than street uses without compensation for injury to the abutting owner. Says the court: "The fee of the land has a value to him" (the abutting owner); "it seems valuable to the municipality. He has possible interests at stake to protect; the municipality may have other interests to advance." This is all conjectural, and it is hard to put a value on a conjecture, especially when it is based on no fact. The "other interests" which the municipality may have to advance are not mentioned, but something outside of street uses must be meant, for every street is subject to such uses, and the abutting owner cannot stop the municipality from exercising them, or get compensation for them.

I do not see that the case of Foster Avenue, 89 App. Div. 490, 85 N. Y. Supp. 858, decides that there is a difference. The opinion does not say so, but only states the question to be whether the market value of the abutting land was depreciated by the acquisition by the city of the qualified fee in trust of the street. How could it be, unless the court first decide that something additional was taken? That was a question of law for the court, not the commissioners, to decide. But the key to that case seems to be that the dedicated street had never been accepted, which was necessary to make it a public street; so that the court properly assumed that something additional had therefore been taken.

But however all this may be, the provisions of the charter of the city of New York for the acquiring and opening of streets by judicial proceedings do not intend or apply to streets already acquired and established, whether by dedication and acceptance or otherwise, but only to the acquisition of new streets. If it could be interpreted otherwise, then proceedings may be instituted to acquire and open every existing street in the city of Brooklyn (excepting the few old colonial Dutch highways), for only the ordinary easement for street uses was ever acquired in them, as has already been mentioned.

It is claimed that the property owners have no standing to raise the objection discussed above; that the time was on the application for the appointment of the commissioners. They raised it then, and the court held it to be good, but instead of dismissing the proceeding, put an adjudication in the order appointing the commissioners that the section of the street in question had been dedicated and accepted as a street. This was meant to and did exclude the abutting property on it from an opening assessment, for after such adjudication it could not be legally assessed. Such adjudication in the order was a means of saving the proceeding to the extent that it was legal and necessary, namely, for the other sections.

The motion to confirm is denied, and the proceedings are sent back to the commissioners to omit the said section from award and assessment.