act. In the case at bar the pleadings are oral, but we find the indorse-- ment of the name and address of plaintiff's attorney on the bill of particulars filed by plaintiff in the action, so there was no error in allowing costs to plaintiff, provided he were entitled to a judgment in his favor under the evidence in the case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurs in the result.

DAYTON, J. (dissenting). It cannot be said that the contract was definite as to place of employment or duties to be performed. The evidence is that plaintiff resided with his family near New York City. It is not, therefore, probable that he accepted an employment which required a change of residence. The presumption rather is that no such change was contemplated, at least by him. I think parol evidence to ascertain the intent of the parties in these particulars was proper, especially as to the reasonableness of the order transferring plaintiff to Philadelphia for an indefinite period.

I vote for an affirmance, with costs.

---

In re OPENING OF BEVERLY ROAD IN CITY OF NEW YORK.

Appeal of McCULLY et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. EMINENT DOMAIN (§ 127*) — OPENING STREETS DEDICATED TO PUBLIC — ALLOWANCE OF DAMAGES.
   Where a naked fee in the street opposite an abutting lot is all that remains in the original lot owner, who dedicated the street to the public, it is of nominal value only, and a substantial award should not be made therefor in proceedings to open the street.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 348; Dec. Dig. § 127.*]

2. EMINENT DOMAIN (§ 157*)—OPENING STREETS DEDICATED TO PUBLIC—AWARD OF DAMAGES—APPORTIONMENT.
   If, in opening a street dedicated to the public, substantial damages are awarded for the taking of the fee in a strip which was still retained by the original tract proprietor, the award is properly apportioned by allowing the nominal sum of $1 to the owner of the fee and the rest to the owner of the abutting lot.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 427; Dec. Dig. § 157.*]

3. EMINENT DOMAIN. (§ 153*) — CONVEYANCE OF LOT — DAMAGES ON OPENING STREET—PARTIES ENTITLED TO AWARD.
   Where the owner of a lot abutting on a street dedicated to the public conveys the same, it does not carry with it his right to collect an award of damages for the taking of the fee in the street, confirmed before the deed was made.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 411; Dec. Dig. § 153.*]

   Hirschberg, P. J., and Miller, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

In the matter of the application of the City of New York relative to acquiring title to the land, etc., for opening Beverly Road from Bedford avenue to East Thirty-First street, in the Twenty-Ninth ward of the borough of Brooklyn. From an order apportioning an award of damages, G. Gordon McCully and another appeal. Reversed.

One Brush owned a tract of land in Brooklyn borough through which ran a proposed mapped street named Beverly Road between Nostrand avenue and Lawrence street. He built houses on the land and sold them. He conveyed from time to time by lots or plots all of the said land abutting on Beverly Road, with the land to the center of the said street, on each side, except in the case of one lot 60 feet front on the north side thereof, which he conveyed only to the side of the street; and by conveyance through from his grantee a lot 20 feet front, of the said 60 feet front, became vested in one Bird, an appellant here. Thereafter a proceeding was instituted by the city of New York to open the said Beverly Road. An award of $1,470.23 was made for the said street strip in front of the said 20-foot lot to unknown owners. The controversy is among claimants to the said award. After the award was confirmed the said owner of the said 20-foot lot abutting on the said strip conveyed the said lot, and her grantees conveyed it to one McCully, an appellant here. Both deeds of conveyance were in the usual form, containing no reservation as to the award, or mentioning it. The said Brush, the original tract proprietor in whom the title to the said street strip was, assigned the said award to one Hawley, a respondent here.

The referee, to whom the matter was referred, divided the said award as follows, viz., $1 for the fee in the said strip, and the rest to Bird, the said owner of the said abutting lot at the time the said award was confirmed. The learned court at Special Term changed this by allotting 12 per cent. of the award for the said fee and the balance to the said owner of the abutting lot. The said owner of the abutting lot appeals from the order of the Special Term, and the said McCully, who became the final grantee of the said lot, as above stated, after the said award was confirmed, also appeals, claiming that the conveyance of the said owner Bird, and that of her grantees to the said McCully, carried her interest in the said award to him.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Maurice L. Rippe, for appellant McCully.
Merle I. St. John, for appellant Bird.
Hamilton Anderson, for respondent Hawley.
James F. Quigley, for respondent city of New York.

GAYNOR, J. The controversy among claimants for the amount of this award for this strip in the street, which, by oversight, presumably, remained in the original tract proprietor, instead of being conveyed by his deed of conveyance of the abutting lot, as was the case with his other deeds of conveyance, arises only because the commissioners of awards and assessments made a substantial award when they should have made only a nominal one. The said original proprietor owned nothing but a naked fee in this street strip which had become disconnected from the abutting lot. He had dedicated it to use as a street. It was of no remaining use to him, and was therefore of nominal value only. Matter of Adams, 141 N. Y. 297, 36 N. E. 318. But the commissioners seem to have been led into making a full award for it by the decision in City of Buffalo v.

Pratt, 131 N. Y. 293, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592; not perceiving that that being a case where the abutting owner owned the strip in the street which the city was taking the fee of, had no application to the present case, where the strip never passed by the conveyance to the abutting owner, and thus remained a nominal and a useless thing in the original tract proprietor. Moreover, it is an open question, if it be a question at all, whether by the taking, even where the abutting owner owns to the center of the street, of the fee by the city, but only "in trust" for street uses, by the present charter of the city (section 990), anything more is taken than by a taking of an easement for all street uses. The difference in substance between the two takings seems to be imperceptible. The fee is not taken absolutely, but only in trust for and limited to such street uses. Matter of City of New York, 45 Misc. Rep. 162, 91 N. Y. Supp. 894. The learned judge at Special Term recognized that the award should not have been made, but, as the award existed, and the city let it go instead of appealing from it, as it might have been expected to do, he was obliged to give it to one or more of the claimants; and so he treated the award as a whole as being not only for the naked or nominal fee in the street strip, which still belonged to the original tract owner, but also for the street easements of light, air and access, which belonged to the owner of the abutting lot, and apportioned 12 per cent. thereof to the former and 88 per cent. to the latter. The referee acted on the same theory, but gave the fee owner of the street strip only $1 and the balance to the lot owner.

The Court of Appeals found itself in the same awkward dilemma in Matter of Eleventh Avenue, 81 N. Y. 436, and was driven to the same equitable theory. The award existed and had to be given to one of the two claimants, or else divided between them. To help the abutting owner to get a part of the award, a presumption is indulged in that the street easements of light, air and access belonging to his lot, regardless of who owned the street fee, were also appraised by the commissioners as taken, and the damage therefor included in the award. In that way justice is done, because the award when given to the lot owner helps to pay or offset the assessment put on the abutting lot to pay the award and expenses, instead of going to the fee owner of the street strip. The resort to all this ingenuity for justice sake can be avoided by the commissioners making only a nominal award for the fee of the street strip. The street easements of the abutting lot remain after the street is officially opened, instead of being taken away, and there is therefore no reason to make an award for such easements, as if they were being taken, and cast the same on the abutting lot for the owners to pay.

The apportionment of the award made by the referee was the more just and equitable, for the reason that the owner of the nominal fee in the street was in all justice entitled to a nominal award only, and the abutting owner should not be saddled with assessments to pay him more; and as between him and the owner of the

abutting lot, against which an assessment had been made to pay the award, equity dictated that the award should be given to the abutting owner.

The remaining question is whether by reason of the deed of conveyance of the abutting lot after the confirmation of the award and the vesting of title in the city, the award does not belong, equitably at least, to the grantee. Title to all that the city took, land or easements, real or imaginary, having vested in the city, the subsequent conveyance of the lot and its appurtenant street easements by the abutting owner (for such easements go as appurtenant) only conveyed what she had left. She did not convey, nor can it be said she intended to convey, the easements, real or imaginary, for the taking of which, in whole or in part, the award was in part made, as the theory is, as we have seen; and hence it cannot be said that the award was conveyed, because the thing which it represented was conveyed, and therefore passed to the grantee, as the case would be. Magee v. City of Brooklyn, 144 N. Y. 265, 39 N. E. 87. The equitable theory on which the award, in whole or in part, is given to the abutting owner, viz., so that it may be applied or offset against the assessment on the abutting lot, does not require that it be held that the award passed to the grantee, in order to prevent the defeat of the object of such theory. Although the abutting owner conveyed the lot, there is no reason why she should not collect the award, for she is liable to the grantee for the payment of the assessment on her covenant against incumbrances; and if she conveyed subject to the assessment (which does not appear), the sale price was fixed that much less, and there would be no reason why she should in addition lose the award so that it could go against the assessment.

The order should be reversed, and the report of the referee confirmed.

Order reversed, with $10 costs and disbursements, and report of referee confirmed. JENKS and RICH, JJ., concur. HIRSCHBERG, P. J., and MILLER, J., dissent, but not from the conclusion that the award should have been nominal only.