In re HALLETT AND HOWLAND STREETS IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County.   April 19, 1912.)

1. EMINENT DOMAIN (§ 171*)—REMEDIES OF OWNERS—TIME FOR OBJECTION.

An objection by abutting property owners that opening proceedings were not required for the improvement of a street should have been made upon the motion to appoint commissioners, and is too late where made at the time for the confirmation of the commissioners' report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 468, 469; Dec. Dig. § 171.*]

2. EMINENT DOMAIN (§ 152*)—COMPENSATION—ENCROACHING PROPERTY OWNERS.

Where property owners purchased their lots under grants which did not give them the fee in an abutting street, their subsequent encroachment upon the street was without right and would not entitle them to an award for the taking of the property encroached for street purposes.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 403–406; Dec. Dig. § 152.*]

Application by the City of New York to acquire title to lands for the opening of Hallett and Howland Streets.   Motion for confirmation of report of Commissioners of Estimate and Assessment.   Motion to confirm granted.

Archibald R. Watson, Corp. Counsel of New York City (Walter C. Sheppard and Millard F. Kuh, of counsel), for the motion.

John R. McMullen and Joseph A. Flannery, opposed.

KAPPER, J.   [1] It seems to me that the objecting property owners speculated on obtaining an award for the taking of their slight encroachment upon the proposed street when they permitted the opening proceeding to continue until the arrival of the time for confirmation of the report of the opening commissioners.

If by reason of the alleged prior dedication the opening proceeding were unnecessary, the objections should have been taken on the motion to appoint the commissioners when the property could have been exempted from assessments in the order appointing the commissioners.   Matter of City of New York, 45 Misc. Rep. 162, 164, 91 N. Y. Supp. 894.

I think it is now too late to claim that opening proceedings were not required.   The proceedings being therefore regular, and the property in question being duly acquired for street purposes, the remaining question, whether or not these encroachments should be compensated for in this proceeding, is presented.

[2] The objecting property owners purchased their lots as laid out on a map made by the common grantor and which showed the lots fronting on the street in question.   The fee of the street was not included in the grants.   The subsequent encroachment by the objector on the street was without right.   It did not give them any title to so much of the mapped street as they thus invaded.   They did this at their peril and cannot have damages therefor, under the circumstances here shown.   To give them an award for the taking for street

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purposes of the part of the street upon which they have encroachments required payment therefor by the other owners who made like purchases but who refrained from encroaching. This ought not to be sanctioned, and I think that the commissioners were justified in regarding the property in question as unlawful encroachment only and the erectors not entitled to compensation.

It may be added that the encroachments are so slight, being but an inch or two at the most, that little or no apprehension ought to be afforded that they will ever be subjected to interference.

The motion to confirm is granted.