### In re BRAGAW ST., BOROUGH OF QUEENS.

(Supreme Court, Special Term, Kings County.　October 26, 1912.)

See, also, 141 N. Y. Supp. 987.

---

(87 Misc. Rep. 111)

### In re CYPRESS AVE. IN BOROUGH OF QUEENS.

(Supreme Court, Special Term, Kings County.　October 16, 1914.)

EMINENT DOMAIN (§ 265*)—PROCEEDINGS TO TAKE PROPERTY—STREET OPENING
AND WIDENING—COSTS.

In proceedings to acquire necessary property to widen a street, various
property owners appeared and made large claims for damage to land and
improvements; both the city and the property owners proceeding upon the
theory that certain encroachments, which were on the inside portion of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the land to be acquired, were lawfully there, and hence should carry substantial awards. This issue was contested by the city, and in the investigation the corporation counsel discovered that at least a portion of the street had originally been laid out to such a width as to include the strips in question, and that the property owners who were in possession thereof held them illegally and were not entitled to any damages, and hence the awards made by the commissioners were only nominal. *Held*, that the property owners, having been responsible for the contest, were not entitled to relief from the costs of the proceedings, or to have the costs assessed against the city, on the ground that the corporation counsel made a mistake in not discovering the true situation before so much expense had been incurred.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 400, 690–693; Dec. Dig. § 265.*]

Proceeding to acquire Cypress Avenue, from Brooklyn Borough Line to Cooper Street, in the Borough of Queens. Application to vacate a taxation of costs. Denied.

MacGregor & Wickert, for protestants.

Frank L. Polk, Corp. Counsel, of New York City, opposed.

MANNING, J. Application is made to vacate a taxation of costs, expenses, and charges of a street opening or widening proceeding originally begun in 1906; the objection being made by the petitioning property owners that there was no necessity for the institution or maintenance of the proceeding, and that the amount of the charges, costs, and expenses were grossly excessive. The matter seems to have taken the usual course before the commissioners, who performed the work they were selected to do, and no objection is made by reason of any charge against them. Various property owners duly appeared in the course of the hearings, large claims for damage to lands and improvements were presented, and evidence taken in respect thereto on the part of the property owners and the city. Both the city and the property owners proceeded upon the theory that certain encroachments, which were on the inside portion of the land to be acquired, to wit, a strip of five feet in width on each side of the street, were lawfully there, and hence should carry substantial awards.

This issue was contested by the city, and in the investigation experts and surveyors were employed and evidence as to the values were given relating to about 140 separate parcels. The corporation counsel during the pendency of the proceedings discovered that the street in question, or a portion thereof, had originally been laid out to such a width as to include the two five-foot strips referred to, and that the property owners who were in possession of these five-foot strips on each side of the street were there illegally, and therefore were not entitled to any damages, and the awards made by the commissioners could only be nominal. Thereupon the proceedings were amended, and the commissioners completed their work upon this new theory, which, of course, was the only correct method of disposing of the question of damages.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The claim is made by the property owners that the corporation counsel made a mistake in not discovering the true situation regarding the width of the street before so much expense had been incurred, and the petitioners therefore say that their property should not be charged with any of the expenses of the proceeding, but that the city at large should be obliged to pay them. I cannot agree with this reasoning, nor do I think it would be fair or just to exempt the property involved from being assessed the amount of the costs incident to the proper doing of the work. There is ample evidence before me that many of the property owners appeared before the commissioners and attempted to collect substantial damages, and by so doing they acquiesced in this proceeding and in the various steps that were taken, thus helping to create the very expense which they now object to.

As was said by Mr. Justice Kapper in the Matter of Hallett and Howland Streets, 135 N. Y. Supp. 823, where a similar situation arose:

"It seems to me that the objecting property owners speculated on obtaining an award for the taking of their slight encroachment upon the proposed street when they permitted the opening proceeding to continue until the arrival of the time for confirmation of the report of the opening commissioners. If by reason of the alleged prior dedication the opening proceeding was unnecessary, the objections should have been taken on the motion to appoint the commissioners, when the property could have been exempted from assessments in the order appointing the commissioners. Matter of City of New York, 45 Misc. Rep. 162, 164 [91 N. Y. Supp. 894]."

In the present case I think it is very late in the day for these property owners to come in and object to the costs, expenses, and charges of a proceeding in which they themselves joined, and thus seek to cast the burden of their lawful obligations upon the shoulders of other citizens.

The provisions of the statutes authorizing the taxation of costs and expenses in proceedings of this kind having been complied with by the corporation counsel, and no proof having been submitted to show that such proceedings were not regular in every respect, the courts have held that where this state of facts is shown the taxation will not be interfered with in the matter of costs, expenses, and charges.

In the matter of Bragaw Street, 149 N. Y. Supp. 369, Mr. Justice Stapleton said:

"The only foundation for opposition is an affidavit by the attorney for a property owner, who, without stating facts, deduces from the ratio which the cost of the proceeding bears to the awards that the amounts charged by the city of New York  *  *  *  pursuant to sections 258 and 997 of the Greater New York Charter and chapter 394 of the Laws of 1909  *  *  *  are unreasonable and unwarranted.  *  *  *  The affidavits in relation to the charges made pursuant to sections 258 and 997 of the Greater New York Charter make out a prima facie case of legality and reasonableness.  *  *  * "

In the Matter of Baddo Street, Hon. William D. Dickey, sitting as referee, held that unless it was proven to the contrary he would assume that all items of the bill of costs were both reasonable and necessary, and, as no such proof was adduced before him, he recommended the taxation of the costs and expenses as presented in the bills. Mr.

Dickey's reports were confirmed by Judge Scudder and the costs taxed. Matter of Radde Street, no opinion filed.

It would be a great hardship to many innocent people to grant this application, in view of the fact that most of the expenses affecting this matter have been actually paid out by the city in good faith and without any notice that the payment was to be questioned.

The application to vacate the taxation of costs is denied.