In re HAMBURGER et al.  (No. 6691.)

(Supreme Court, Appellate Division, First Department.  December 31, 1914.)

1. EMINENT DOMAIN (§ 149*)—ACQUISITION OF PROPERTY FOR STREETS—DAMAGES.

   Where a city acquired for a street a strip owned in fee, incumbered by a private easement for a street in abutting owners, it was error to award substantial damages for the taking.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 327–331, 401; Dec. Dig. § 149.*]

2. EMINENT DOMAIN (§ 152*)—ACQUISITION OF LAND FOR STREETS—DAMAGES—APPORTIONMENT.

   An owner filed a plat showing his land was cut up into streets.  On the map was shown Marcy Place, intersected by streets, including Mott street.  He conveyed lots on either side of Mott street, with right of private easement for street purposes, but retained title to the street.  Thereafter the city acquired the fee of the land within the lines of Mott street as shown on the map for the opening of Marcy Place.  Held, that the successors in title of the purchasers of lots from the owner were not entitled to any part of the damages awarded for the taking of the land.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§. 403–406; Dec. Dig. § 152.*]

Appeal from Special Term, New York County.

Application of Samuel B. Hamburger and another for the payment of an award of damages in opening Marcy Place.  From an order (86 Misc. Rep. 540, 149 N. Y. Supp. 173) granting the motion to pay the award to the petitioners, the party aggrieved appeals.  Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

John J. Kearney, of New York City, for appellant.
Merle I. St. John, of New York City, for respondents.

SCOTT, J.  In a proceeding to open Marcy Place, from Jerome avenue to the Concourse, an award of $120 was made to unknown owners for a strip of land measuring 5 by 60 feet.  It appears that on October 8, 1872, there was filed in the office of the register of Westchester county a map of property at Inwood belonging to Andrew J. Dam.  The property was shown as cut up into streets and avenues, with lots facing thereon.  On said map was shown Marcy Place, intersected by certain streets, among which was one called Mott street.  The plot of land for which the above-mentioned award was made lies wholly within the lines of Mott street as shown on the said map.

[1]  Andrew J. Dam afterwards conveyed lots on either side of said Mott street to the predecessors in title of the petitioners in this proceeding, but by descriptions which, while the existence of Mott street was recognized, excluded from the conveyance any fee interest in the land shown as Mott street.  The result of the conveyance was that Dam's grantees acquired a private easement for street purposes over said Mott street, while Dam retained the fee of said street subject to said easements.  It was therefore clearly improper to award substantial damages for this incumbered fee.  Matter of Decatur Street, 196 N. Y. 286, 89

N. E. 286, 37 L. R. A. (N. S.) 281. The award was made, however, was duly confirmed, and the order of confirmation still stands unrevoked. One Charles H. Topping, claiming to be owner of the fee, has made several applications at Special Term for an order directing payment to be made to him, but has been unsuccessful.

[2] Now come the petitioners herein, owners of lots abutting upon Mott street, who ask, with the acquiescence of Topping, that the award of $120 be divided between them, $1 being paid to Topping, and the balance in equal shares to Hoffman and Hamburger, and the order appealed from makes this disposition of the award. What may be the technical right of Topping, if he is the fee owner, to collect the award in default of a reopening of the proceeding on motion of the city, is not before us, and need not be considered. It is clear, however, that the petitioners have no claim, either legal or equitable, to be paid the award. They may not claim it on the ground that they have been unjustly assessed by reason of the erroneous award, because the assessment was not confined to their property, but extended over a wide area. They may not claim it upon any theory that the private easements in the street have been taken, because they have not, and at most there have been substituted, for the private easements, public easements. Furthermore, the petitioners were not the exclusive owners of said easements, which were enjoyed in common by all lots abutting upon Mott street. It may be that the city of New York is not entitled to retain the award, but it is so entitled until called upon to pay it to some one having a better claim thereto. The petitioners have no claim to it, and, as they must succeed, if at all, upon the strength of their own claim, rather than upon the weakness of the city's title, the order appealed from was erroneously granted.

We have not overlooked Matter of Beverly Road, 131 App. Div. 147, 115 N. Y. Supp. 208, where an attempt was made to distribute on equitable principles an award made under similar circumstances. We consider, however, that that case was practically overruled by Matter of Decatur Street, supra, wherein the Court of Appeals, on appeal from an order similar to the present, emphatically said:

"We are unwilling to take part in the division of a fund to which none of the claimants are justly or equitably entitled, so far as now appears."

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.