booking agent, the 20 per cent. is to be computed, not upon what the booking agent or the exhibitor of the play receives, but upon what is paid by them to the defendants. The word "gross" was inserted in the contract, undoubtedly, for the purpose of preventing Lubin's charging against the moneys received by him any sum whatever, either for manufacturing, booking, or producing the plays.

There is no dispute as to the amount which has been paid to the plaintiff, but there is no way of telling from the record before us whether the amount thus paid is 20 per cent. of the amount received by defendants, without any deductions therefrom. Such fact can be ascertained, however, upon the accounting. My conclusion, therefore, is that the judgment appealed from should be modified, as above indicated, without costs to either party. The order to be entered herein, which will be settled on notice, should contain the necessary modifications of the findings. All concur.

---

(173 App. Div. 709)

### In re EAST 157TH ST.

### Appeal of PELTZ et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. EMINENT DOMAIN ⬤⟳254—DISPOSITION OF AWARD—PARTIES ENTITLED TO APPEAL.

Although the defendant city did not avail itself of permission granted by the Court of Appeals to vacate an award in condemnation proceedings to persons unknown, it could wait until some other party moved, and was a party in interest, entitled to appeal from a further order of distribution.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 665; Dec. Dig. ⬤⟳254.]

2. EMINENT DOMAIN ⬤⟳63—ACQUISITION OF PROPERTY FOR STREETS—DAMAGES—EASEMENTS.

The owner of an easement in property taken by a city for a street in condemnation proceedings, who had not paid an assessment and had parted with abutting property without knowing of the proceedings, or the possibility of an award, is not entitled to share in the award, as her easement is not destroyed, but perpetuated.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 161–164; Dec. Dig. ⬤⟳63.]

Appeal from Order Entered on Report of Referee.

Application by Louisa B. Schneider for payment of an award made in proceeding to open East 157th street. From an order confirming the supplemental and amended report of a referee, David Peltz and the City of New York appeal. Order affirmed as to award in favor of Peltz, reversed as to applicant, and report of referee confirmed.

See, also, 199 N. Y. 581, 92 N. E. 791.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

John J. Kearney, of New York City, for appellant city of New York.

Samuel I. Frankenstein, of New York City, for appellant Peltz.

Merle I. St. John, of New York City, for respondent.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

McLAUGHLIN, J.   This appeal is by the city of New York and one Peltz from an order directing the payment to the respondent of an award, except $1 to Peltz, for damages in proceedings to open East 157th street.   For the land taken, in so far as the same is involved on this appeal, the commissioners of estimate and assessment made an award to unknown owners of $25.·  The motion to confirm the award was opposed by Peltz.   The motion was denied, and the matter returned to the commissioners for revision and correction.   Pursuant to this order a new report was made and filed, which awarded to unknown owners $3,360.   This report was confirmed by an order of the Supreme Court.

Some time thereafter the respondent instituted the present proceeding to compel the comptroller of the city to pay to her the sum awarded.   A referee was appointed to take proof and report.   He found that the respondent was, at the time of vesting of title in the city, the abutting owner and entitled to easements over the parcel,· and therefore gave her the total award, except $1, which was directed to be paid to Peltz, the owner of the fee.   The report was confirmed by an order of the Supreme Court, from which an appeal was taken by Peltz and another.   This court affirmed so much of the order as directed payment to Peltz of $1, and reversed so much of it as directed the payment of the balance to the respondent.   Matter of Schneider, 136 App. Div. 444, 121 N. Y. Supp. 9.   In disposing of the appeal, Mr. Justice Scott, who delivered the opinion, said:

"It is now definitely settled, as indeed has often been held before, that an abutting owner, under such circumstances as exist in this case, is not entitled to any award for his private easements in the land designated for a street, because, when the land is taken for street purposes, his easements are not destroyed, but perpetuated. * * * It does not even appear in this case that the respondent, Schneider, ever paid the assessment.   We consider it quite clear, therefore, that neither the owner of the bed of the street nor the owner of the abutting property was entitled to a substantial award, and we are unwilling, as was the Court of Appeals, * * * 'to take part in the division of a fund ·to which none of the claimants are justly or equitably entitled so far as now appears.' "

From the determination of this court both Peltz and Schneider appealed to the Court of Appeals, which also held that substantial damages were erroneously awarded; that no claimant was entitled to more than nominal damages, and that, while the substance of the relief granted by the Appellate Division was in accordance with its view, the mode of accomplishing the same was not quite right; that the relief should be sought in the first instance by an application in the condemnation proceedings to set aside the award and for the reduction of assessments.   The order appealed from was therefore reversed, and the matter remitted to the Special Term, with leave to any party or the city of New York to move to set aside the award, for modification of the assessments, and repayments where assessments had been made, and for a rehearing before the commissioners, or others to be appointed in their stead; that if such motion were not made within 60 days, or, if made, denied, then application might be made by either party for a rehearing in this proceeding before the same or another referee.   199 N. Y. 581, 92 N. E. 791.

None of the parties moved to set aside the award within 60 days, and an application was then made by the respondent for an order directing the payment to her of the award, less $1 to be paid to Peltz, or, in the alternative, that an order be made referring the matter for further proceedings in accordance with the opinion of the Court of Appeals. An order to that effect was made, and a rehearing had, in which testimony was offered as to the value of the easement of the respondent. The referee reported that the appellant Peltz, as fee owner, was entitled to $1, and that he was unable to state who, if any one, were entitled to the balance of the award. A motion was then made by the respondent to confirm his report in so far as it awarded $1 to Peltz, to deny confirmation as to the balance of the award, and to direct the comptroller to pay that sum to her. Her motion was granted, and the appeal is from that order.

[1] I think the order is right in so far as it confirmed the report as to appellant Peltz, but erroneous as to respondent. This court and the Court of Appeals determined upon the prior appeal that she was not entitled to the award. The record on this appeal is substantially the same as on the former appeal. It is true, additional evidence was offered tending to show her damage; but that in no way changes the principle as to whether she is entitled to the award. It is contended in her behalf that the city is not an aggrieved party and had no right to appeal. It is true the city did not avail itself of the permission granted by the Court of Appeals to move to vacate the award. It was not obliged to do so. It could wait until some other party moved, and then see to it that the award was directed to be paid to the proper party, and, if not so directed, it had sufficient interest to appeal. In Matter of Hamburger, 165 App. Div. 526, 150 N. Y. Supp. 771, a motion to dismiss an appeal taken by the city was made on substantially the same grounds as that contended for by this respondent. The motion was denied.

The respondent also contends that the failure to appeal from the order of confirmation of the award to unknown owners makes it obligatory on this court to confirm the payment of the balance of the award to her. A contrary view was expressed by this court in Matter of Hamburger, supra, affirmed 216 N. Y. 643, 110 N. E. 1042. What was said in that case is quite applicable here:

"It is clear, however, that the petitioners have no claim, either legal or equitable, to be paid the award. * * * They may not claim it upon any theory that the private easements in the street have been taken, because they have not, and at most there have been substituted for the private easements public easements. * * * It may be that the city of New York is not entitled to retain the award, but it is so entitled until called upon to pay it to some one having a better claim thereto. The petitioners have no claim to it, and as they must succeed, if at all, upon the strength of their own claim rather than upon the weakness of the city's title, the order appealed from was erroneously granted."

[2] In the present case the respondent, so far as appears, has no claim to this award. This court and the Court of Appeals have so held. She paid no assessment in the proceeding. She parted with title to her property in April, 1901. She did not then know of the

160 N.Y.S.—8

pendency of the proceeding, or the possibility of an award being made. To direct the payment of the award to her, as is done in the order appealed from, is simply to make her a gift of such amount.

The order appealed from should be affirmed as to the appellant Peltz, with $10 costs and disbursements, reversed as to the respondent, with $10 costs and disbursements, her motion directing payment to her of the balance of the award denied, with $10 costs, and the report of the referee confirmed. Order filed. All concur.