## WALKER *v.* THE CITY OF MANCHESTER.

Highways are only such as are laid out in the mode prescribed therefor by statute, or as have been used as such for public travel thereon, other than travel to or from a toll-bridge or ferry, for twenty years.

Where the owner of land causes it to be surveyed into house-lots with streets intersecting the same, causes a map of such survey to be recorded in the registry of deeds, and sells lots in conformity to such survey and map, he is entitled, *prima facie*, to no more than nominal damages when such streets are subsequently appropriated to the public use.

Where owners of adjoining lots cause them to be surveyed with streets intersecting the same, cause a map of such survey to be made and recorded in a public office, and agree among themselves that whenever either party lays out a street upon his land it shall be laid according to such map, a party to the agreement cannot revoke the same after having sold lots to purchasers relying upon the proclamation of such agreement.

PETITION, for an increase of damages for land taken for a highway. Upon a petition, the mayor and aldermen of Manchester laid out a highway known as Walker street. Several years before, one Parker,

owning land south, and the plaintiff and his father and brother owning land north, of the centre of Walker street, as the same was subsequently laid out, made an arrangement among themselves for a system of streets upon their respective lands, and executed a writing by which they "mutually agree, for themselves and their heirs, successors, and assigns, that whenever either party lays out a street or streets upon his or her land, the street shall be laid according to the plan which the parties at this time cause to be made of these lands." Upon this plan there is a street marked out corresponding to the street laid out by the mayor and aldermen, and designated as Walker street. The plan and agreement were recorded in the registry of deeds. Before Walker street was laid out, Parker had dedicated the south half of the street, and sold lots upon it, bounding them by it, and one or more houses had been built upon these lots. The father of the plaintiff died, and his interest in the Walker lands passed to the plaintiff and his brother. The plaintiff owns the land on the north side of Walker street, extending from Main street easterly 269 feet, and himself and his brother own together the land extending from that point easterly 416 feet. In the lifetime of the senior Walker, he joined with his sons in the conveyance of a lot on the north side of Walker street, bounding it upon Walker street; and, since his death, the sons have conveyed other lots on the north side, bounding them on Walker street. The plaintiff has done no other act indicative of a dedication of any portion of the street.

Walker street, as laid out, extends from Main street on the west to River street on the east. None of the intermediate streets indicated upon the plan as running north or south of Walker street have ever been built.

The present petition was referred to the county commissioners, who awarded the plaintiff as land damages $945.60, with a proviso that if, on the foregoing facts, the court should be of the opinion that the plaintiff was entitled to nominal damages only, they assessed the same at one cent.

*Hunt*, for the plaintiff.

The agreement stated in the case is not an agreement to lay out streets upon the lands of the several parties, or to lay out the same into lots, but only an agreement that if thereafter either party should lay out a street upon his land, such street should be laid in accordance with the plan made and recorded by the parties. The land of the plaintiff has never been divided into lots, nor does the plan show any such division. There is nothing in the case which shows, and there is no claim made, that the plaintiff has actually laid out any street on his land under that agreement; but it is claimed on the part of the defendants that the plaintiff, by becoming a party to the making and recording of the agreement and plan referred to, thereby dedicated the streets shown on the plan to the public. The agreement

shows that there was no dedication to the public, or even any intention to makes such dedication. The agreement was between individuals. The city of Manchester, or the public, were not a party to it, and cannot come in and claim whatever rights may have accrued under it to individuals, or take their property without just compensation. Even if the intention of the parties had been to dedicate their lands to the public, the streets shown on the plan could not have become highways without a legal laying out, or twenty years' use. Gen. St., *c.* 68, *s.* 8; *Stevens* v. *Nashua,* 46 N. H. 192.

The parties at any time could revoke their agreement and make a new one, changing the location of the streets, or abolishing them altogether. The agreement did not divest either of the parties of their title to their property, so that subsequently their land could be taken by the public for nominal damages only. If the plaintiff does not own the north half of the street, as laid out by the mayor and aldermen, in whom is the title? No one else is before the court claiming damages for the same, nor is there any pretence that any one else does claim it. The fact that the plaintiff and another have sold land on the street in question, however much such sale may be construed as giving the purchaser a way of necessity, does not furnish a ground for the public to take the land without the payment of damages. The purchasers of these lands are not in court, and the defendants in this suit cannot take advantage of any rights such purchasers might individually maintain against the plaintiff.

*Smith* and *Straw,* for the defendants.

FOSTER, J. Highways are only such as are laid out in the mode prescribed therefor by statute, or as have been used as such for public travel thereon, other than travel to and from a toll-bridge or ferry, for twenty years. Gen. St., *c.* 68, *s.* 8. Formerly a highway might be established, in this state, by dedication, and acceptance thereof by public use for a shorter period of time (*State* v. *Campton,* 2 N. H. 513; *Pritchard* v. *Atkinson,* 4 N. H. 9; *Barker* v. *Clark,* 4 N. H. 383; *Hopkins* v. *Crombie,* 4 N. H. 520; *State* v. *New Boston,* 11 N. H. 407, 412, 413; *State* v. *Atherton,* 16 N. H. 203, 208); and by such dedication and acceptance (and only by acceptance and public use) the town became chargeable with the burden of maintaining the highway. By analogy to the statute of limitations, twenty years' user was evidence of dedication. *State* v. *Atherton,* before cited; *Stevens* v. *Nashua,* 46 N. H. 192. But since the passage of the revised statutes of 1842, nothing less than a public use for twenty years is sufficient for the establishment of a highway by prescription. *Hall* v. *Manchester,* 39 N. H. 295, 304; *State* v. *Morse,* 50 N. H. 9, 17.

The plaintiff and those whom he represents have opened a way of access and egress, appurtenant to the house-lots which they have sold abutting upon the streets designated upon the recorded plan. The purchasers paid a price enhanced by the advantages afforded by a loca-

tion upon a street which, for all practical purposes, should afford to them a means of public communication with public highways. And whether the act of publishing and recording a plan, and selling lots with reference to streets marked out upon it, be regarded as a dedication of those streets to the public, or only as the opening of streets or ways appurtenant to adjoining house-lots, the practical result is the same,—namely, when the city establishes a highway upon the streets thus opened, it may do so upon payment to the owner of the fee of such damages as he has sustained; and the compensation which he has already received, through the enhanced value of the lots which he has sold and of those which he retains, may be set off against the loss or damage sustained by the establishment of the highway; and if the gain is as much as the loss, he has sustained no damage by the laying of the highway. *In the matter of Furman Street*, 17 Wend. 649. 661; *Livingston* v. *Mayor of New York*, 8 Wend. 85; *Matter of 29th and 39th Streets*, 1 Hill (N. Y.) 189, 191.

It is said by the plaintiff that the agreement having been not absolutely to lay out streets, but only that if streets should be laid out they should be located as indicated upon the plan, the parties were at liberty to revoke their expressed intention, and make a new agreement changing the location of the streets, or abolishing them altogether.

But even if this were so originally, a time arrived when it became too late to make such revocation; and that time was when purchasers of lands, upon a consideration enhanced by the inducements held out by the proclamation of these landholders, acquired such rights with reference to their house-lots thus purchased, and the convenient and indispensable enjoyment of them, as would render it fraudulent on the part of the vendors to revoke their agreement by changing or abolishing the location of the streets laid down on their recorded plan, with reference to which their sales and conveyances had been made. *Holdane* v. *Trustees of Cold Spring*, 21 N. Y. 474, 479; *Huber* v. *Gazley*, 18 Ohio 18. 24 (where it is said, "The use vested at the instant the first lot designated upon the plat found a purchaser"); *Godfrey* v. *Alton*, 12 Ill. 29; Angell on Highways 160; Bigelow on Estoppel 558–560.

But it is contended that the public acquired no rights resulting from an agreement between individuals. Whether the public have the right to use Walker street as a general passage-way from one part of the city or the country to another, we need not inquire. However this may be, it is certain the public may use the street as and for a way appurtenant to the lands conveyed by the plaintiff and others on either side of it; and it does not appear that the plaintiff can suffer any loss from the use of the street for general purposes. Why should the public render to the plaintiff compensation for damages which he has not sustained, or for which he has been once compensated? Having, for a consideration fixed by himself, relinquished to his grantees, and thus indirectly to the public, certain valuable rights with

reference to the exclusive use of Walker street, the plaintiff is now entitled to compensation for no more than the value of that which remained and of which he has been deprived. There is no evidence that he has been injured by the establishment of Walker street as a public highway, and, upon the facts reported by the commissioners of highways, the plaintiff is entitled, *prima facie*, to no more than nominal damages.

*Case discharged.*

STANLEY and CLARK, JJ., did not sit.