---

(3 Misc. Rep. 403.)

### In re ETHEL ST.

### In re AVENEL.

(Supreme Court, Special Term, Monroe County. April, 1893.)

EMINENT DOMAIN—OPENING STREET—NOMINAL DAMAGES.

In proceedings to condemn an easement in land for a street extension it is proper to award only nominal damages if there already exists an easement of passage on the land, arising from the fact that the owner's grantor, in deeds of the adjoining lands, described them as bounded by a street such as is sought to be opened.

Appeal from commissioners of appraisal.

Proceeding to condemn land for the extension of `Ethel street in the city of Rochester. From an award to one Avenel of nominal damages only for land belonging to him, he appeals. Affirmed.

Norris Bull, for appellant.
A. F. Rodenbeck, for City of Rochester.

RUMSEY, J. By the commencement of these proceedings the city admits the right of the landowner in the premises, and that the land has not been dedicated for a public highway. Village of Olean v. Steyner, 135 N. Y. 341, 32 N. E. Rep. 9. Such was the necessary result of the judgment in the case of Avenel v. City of Rochester, which was introduced in evidence. But none of the abutting owners were parties to the action in which that judgment was rendered, and their rights were therefore left unaffected by it. They were still at liberty to assert their private easement over these lands if they had any. In re Eleventh Ave., 81 N. Y. 436, 446. If that easement in favor of the private owners existed, by means of which they were entitled to pass and repass over this piece of land, and to have kept it open for their benefit, an award of nominal damages was all the owner of the fee could claim. Village of Olean v. Steyner, 135 N. Y. 341, 32 N. E. Rep. 9; In re Eleventh Ave., 81 N. Y. 436. The duty of the commissioners was to appraise the damages which the persons interested shall sustain. They start upon this duty with the admission on the part of the city that the party whose damages they are to appraise has some interest, but that admission does not conclude either the city or the commissioners as to the extent of that interest. The statute requires the commissioners to appraise the damages of those who have rights or interests or easements in the premises. To do this they must necessarily decide what rights each party has, because, until that is done, they cannot fix his damages. Such an inquiry was made by the commissioners in the two cases last cited, and I can see no force in the claim that they are not bound to make it. The case of In re City of Yonkers, 117 N. Y. 564, 23 N. E. Rep. 661, was different. There the city claimed, after the proceedings to condemn the property of Lawrence had been begun, that the lands were subject to the very easement which it had sought to acquire. The court held only that by bringing the proceeding the right of Lawrence was conceded, and it could not be denied or disproved.

The only question, then, is whether the lands of Avenel were subject to an easement of passage in behalf of the abutters on the two sides of them, which rendered the premises, so far as those abutters were concerned, a public street for all practical purposes. The premises of Avenel were known as parts of lots 58 and 58½. In 1886, lot 58½ was conveyed to Mrs. Doran. Just north of lot 58½ was lot 39 of the Doran tract, also owned by Mrs. Doran. In May, 1887, Mrs. Doran conveyed to Calista A. Foster lot 39 and a part of lot 58½ lying north of what is now laid out as the north

line of Ethel street. The part of lot 58½ conveyed to Mrs. Foster is described as bounded on the south by the north line of Ethel street. That left to Mrs. Doran so much of lot 58½ as lay south of the north line of Ethel street and is what is now sought to be condemned. Before 1886, one Joseph Z. Culver had owned lots 57 and 58 on the south of 58½. In 1885, Culver conveyed to one Upton, lot 57 and the south part of lot 58, bounding them on north by the south line of Ethel street, that being a line running through lot 58, and being the same line established by the city as the south line of the lands sought to be taken. The deed to Upton was with warranty. Culver was the agent of Mrs. Doran in making the sale to Foster, and at that time and when he deeded to Upton, he told him that Ethel street was a public street extending to Flora street. While they occupied these lots they had access to them over this part of lots 58 and 58½, which had been so represented, and no fences were put there until 1890. It is undoubtedly the rule that where a grantor bounds the granted lands on a street or highway there is an implied covenant that there is such a highway; that, so far as the grantor is concerned, it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it. Bank v. Nichols, 64 N. Y. 65, and cases cited on page 73. Mrs. Doran's deed to Foster, and Culver's deed to Upton, bound them by this implied covenant as to the lands by them respectively owned, and lying within the boundaries of Ethel street. In 1890, Mrs. Doran conveyed to Culver that part of lot 58½ lying within the bounds of Ethel street, and just south of the land conveyed to Foster. That land, as we have seen, was already subject to the easement of a way in favor of Mrs. Foster and her assigns. When Culver took it, he took it with that burden. Lot 58, which he owned, was subject to a like burden because of his deed of the south part of the lot to Upton, which also contained the implied covenant in his favor. The covenant that Ethel street was a highway, and to be kept open, was binding upon Culver when he took the deed from Mrs. Doran, and Upton could then have compelled Culver to perform it not only as to that part of lot 58 which he retained, but as to that part of lot 58½ which he then acquired, because his covenant was that there was a street, and any attempt of Culver to obstruct it would have been enjoined at the suit of Upton. Trustees v. Cowen, 4 Paige, 510. The commissioners were right, therefore, in assuming that there was an easement of passage over these premises, and in awarding nominal damages. There is no reason, from anything I can see in the papers, to suppose that the city intends to take the fee of this land, and so the case is not within City of Buffalo v. Pratt, 131 N. Y. 293, 297, 30 N. E. Rep. 233. The only remedy of Avenel in this case for his land is upon the covenant of warranty of Culver, which has clearly been broken.