Hillsborough, }
June 4, 1907. }

### WILKINS *v.* MANCHESTER.

Where house-lots have been sold in accordance with a recorded plan which shows an intersecting street, a subsequent grantee of the street location is entitled to only nominal damages upon an appropriation of his land for highway purposes.

APPEAL, from the assessment of damages for land taken for a highway. Transferred from the September term, 1906, of the superior court by *Pike,* J., upon an agreed statement of facts.

Before 1895, the owner of a tract of land in Manchester plotted it and recorded the plan, which showed the lots into which it had been divided and a proposed street called Brooklyn avenue. Prior to November 11, 1895, he sold all the lots but one, bounding them by that avenue, and on that day sold the last lot together with the location of the avenue to the plaintiff's ancestor in title. After the plaintiff bought the property, the mayor and aldermen laid out Brooklyn avenue as a highway and awarded him one cent as damages. He appealed, and the commissioners gave him the same damages. When this report was filed, he asked to have his damages assessed by a jury. " Upon the foregoing facts, if the plaintiff cannot maintain his action his appeal is to be dismissed; otherwise to stand in order for trial."

*Henry N. Hurd* and *John Gage,* for the plaintiff.

*George A. Wagner,* for the defendants.

YOUNG, J. If the question intended to be transferred is whether the plaintiff is entitled to a jury trial, the answer is yes, for that right is given him by statute. P. S., c. 68, s. 10; Laws 1897, c. 13. But if the question is the measure of his damages,

the answer is that he can recover no more than the commissioners. awarded him, if the agreed case contains all the evidence bearing on that question, for this case cannot be distinguished from *Walker* v. *Manchester*, 58 N. H. 438.

*Case discharged.*

All concurred.