## In re SCHNEIDER.

(Supreme Court, Appellate Division, First Department. January 21, 1910.)

1. EMINENT DOMAIN (§ 149*)—FEE IN STREETS—AWARD—NOMINAL DAMAGES.
　　Where the title to a strip taken for a street was so incumbered by easements granted by the preceding owner, by conveying abutting property with reference to the street when it was located on the city map, but before it was opened, that the present owner only owned the naked fee, he was only entitled to a nominal award of damages upon the taking of the strip by the city for opening of the street.
　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 329, 330; Dec. Dig. § 149.*]

2. EMINENT DOMAIN (§ 149*)—AWARD—AMOUNT—RIGHTS OF ABUTTING OWNERS.
　　An abutting owner, whose property was described and bounded with reference to a proposed street, which was not legally opened when he purchased, is not entitled to a substantial award for the taking of his easement therein when the street was opened, as the easement was not destroyed, but perpetuated, by the opening of the street.
　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 329, 330; Dec. Dig. § 149.*]

3. MUNICIPAL CORPORATIONS (§ 523*)—PUBLIC IMPROVEMENTS—ASSESSMENTS—REBATES.
　　Where none of the claimants was entitled to a substantial award for the taking of land for a street, the assessment area for which extended beyond the property abutting on the street, a proportionate amount of the award should be returned to each person who has paid a part of the assessment, and the assessments not yet paid reduced pro tanto.
　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1232–1235; Dec. Dig. § 523.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Order Entered on Report of Referee.

In the matter of the application of Louisa B. Schneider for payment of an award made in proceedings to open 157th street, from Brook avenue to German Place. From an order confirming a referee's report awarding damages to respondent for the taking of a strip of land, an appeal was taken. Reversed, and motion to confirm report denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Samuel I. Frankenstein, for appellant Levinson.
Harry G. Smith, for appellant Peltz.
Merle I. St. John, for respondent Schneider.
John J. Kearney, for respondent City of New York.

SCOTT, J. This appeal presents the same embarrassing question which confronted the Court of Appeals in the Matter of Decatur Street, 196 N. Y. 286, 89 N. E. 829. A large sum of money has been awarded to "unknown owners," and there is no one who appears to be entitled to be paid more than a nominal sum out of it. The proceeding is one to open and acquire title to 157th street, from Brook avenue to St. Ann's avenue, in the city of New York, borough of the Bronx. The award in controversy is for a parcel of land known in the proceeding as "Damage Parcel No. 2 D," which consists of a strip of land now constituting a part of the bed of 157th street, being of a width equal to one-half the width of the street and extending westerly 100 feet from St. Ann's avenue. On July 23, 1900, the date on which title vested in the city of New York, one David Peltz was the owner in fee of this strip of land; but owing to conveyances made by his predecessors in the title, wherein the abutting property was described by and bounded upon 157th street, then laid down and located on the city map, but not legally acquired and opened, his fee was so incumbered with easements in favor of the abutting property so conveyed that there was left to him nothing but a naked, barren fee, for which no more than a nominal award should have been made. In their first report the commissioners did make a nominal award for the bed of the street, but the court at Special Term returned the report to them with what amounted to instructions to make a substantial award. This they did, but as to the strip of land involved in this appeal they made the award to "unknown owners." A reference was ordered to ascertain to whom the award should be paid. The referee reported, and the court, by confirming the report, has held that the whole award should be paid to the respondent Louisa B. Schneider, who, at the date on which title vested in the city, was the owner of the lot on the northwest corner of St. Ann's avenue and 157th street abutting upon the strip of land, part of 157th street, above described.

It is now definitely settled, as, indeed, has often been held before, that an abutting owner, under such circumstances as exist in this case, is not entitled to any award for his private easements in the land designated for a street, because when the land is taken for street purposes his easements are not destroyed, but perpetuated. Matter of Decatur Street, supra. It does not even appear in this case that

the respondent Schneider ever paid the assessment.   We consider it quite clear, therefore, that neither the owner of the bed of the street nor the owner of the abutting property was entitled to a substantial award, and we are unwilling, as was the Court of Appeals in the Matter of Decatur Street, "to take part in the division of a fund to which none of the claimants are justly or equitably entitled, so far as now appears."   The question as to what disposition should be made of it is not free from difficulty, and certainly cannot be finally determined upon the record now before us.   We are advised by that record that the assessment, including this award, has been levied and to some extent collected.   How large is the assessment area we are not advised, but we may infer that it extends beyond the property abutting upon the street, because the assessment upon the lot formerly owned by respondent Schneider is little more than half the sum awarded to the unknown owner of that portion of the street upon which it abuts. Of course, the award under consideration went to swell the general assessment, and affected pro tanto the whole assessment area.   The equitable course to pursue would appear to be to return a proportionate amount of the award to each person who has paid any part of the assessment, and to reduce by a proportionate amount those assessments which yet remained unpaid.

To this end the order appealed from will be reversed, and the motion to confirm the referee's report denied, and a referee appointed to take proof as to those who have paid the assessment and the amount paid by each, and of the assessments remaining unpaid, with instructions to report to this court at Special·Term, in order that the fund may be equally distributed.   All concur.