---

(71 Misc. Rep. 488.)

WESTCHESTER COUNTY v. WAKEFIELD PARK REALTY CO. et al.

(Supreme Court, Special Term, Westchester County. March, 1911.)

1. EMINENT DOMAIN (§ 243*)—AUTHORITY OF CONDEMNATION COMMISSIONERS—DETERMINATION OF QUESTIONS OF TITLE.

Where the judgment of condemnation treated certain easements sought to be condemned as the property of certain of the defendants in the proceeding, the condemnation commissioners had no power to hear or consider any claim on the part of the plaintiff that, notwithstanding the judgment, the easements were at the time the judgment was entered the property of plaintiff by virtue of deeds theretofore executed to plaintiff by such defendants.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 627; Dec. Dig. § 243.*]

2. EMINENT DOMAIN (§ 149*)—COMPENSATION—NOMINAL DAMAGES.

Where a strip of land constituting a private street had been impliedly dedicated as a street, and such dedication had been accepted by the city, the owners of such easement, on the condemnation of the strip as a public highway, were entitled to no more than nominal damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 330; Dec. Dig. § 149.*]

3. EMINENT DOMAIN (§ 119*)—COMPENSATION—NOMINAL DAMAGES—ADDITIONAL BURDEN.

Where the owners of an easement in a strip of land constituting a private street are entitled to no more than nominal damages on condemnation of the strip as a public street by reason of the fact that the strip has been dedicated to the public by the acts of the owners, and that such dedication has been accepted by the city authorities, such owners are not entitled to substantial damages for the placing of a sewer in such strip of land on the ground that the same is an additional burden.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 313; Dec. Dig. § 119.*]

4. EMINENT DOMAIN (§ 237*)—RIGHT TO NOTICE OF PROCEEDINGS—NOMINAL DAMAGES.

Though defendants in condemnation proceedings are entitled to no more than nominal damages, they are entitled to the vacation of an order confirming the report of the condemnation commissioners entered without proper notice to them, since they are entitled to appeal from the confirmation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. EMINENT DOMAIN (§ 237\*)—REPORT OF CONDEMNATION COMMISSIONERS—
RESUBMITTAL TO COMMISSIONERS.

   Where condemnation commissioners, contrary to the judgment of condemnation recognizing certain defendants as owners of the land sought to be appropriated, undertook to adjudicate that such defendants had no title to such land, the court, in proceeding to vacate the order of confirmation of the report on the ground that the same was made without notice to such defendants would not, on vacating the order, resubmit such report to the commissioners, where such defendants would clearly be entitled to no more than nominal damages.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.\*]

Condemnation proceedings by the County of Westchester against the Wakefield Park Realty Company and others. On motion of defendant Reispi and others to vacate an order confirming a report of commissioners as to a certain parcel of land, and to remit the matter as to such parcel, and on motion of plaintiff to confirm the report. Motion to vacate granted, and on hearing motion to confirm granted.

Odell D. Tompkins, for the motion.
James M. Hunt, opposed.

MILLS, J. The facts in this matter are somewhat complicated, but, as gathered from the briefs submitted, appear; so far as being material, to be substantially as follows:

The judgment of condemnation herein, entered on the 29th day of February, 1908, adjudged the acquisition by the plaintiff of certain named easements in various designated parcels of land, including the parcel known as "Bronx place," and designated in said judgment as parcel No. 73A. It also named these claimants as having some property interest in said parcel, and directed the commissioners therein appointed to ascertain the compensation to be made to said claimants as defendants as having such interest. At one of the hearings held by the commissioners these claimant defendants appeared by counsel, and asked to submit proof as to their damages from the taking of their respective interests in said parcel. The commissioners receiving or having already received in evidence on the part of the plaintiff a certain instrument purporting to be a deed by said defendants to the plaintiff of such easements in said parcel executed on or prior to November 8, 1907, declined to receive any evidence from such defendants, and held, in effect, that by such deed the interests of those defendants in the easements condemned and taken had by such deed become the property of the plaintiff. In their report the commissioners stated that they had excluded from their consideration the said parcel 73A, with certain other parcels, "for the reason that the rights and easements described in the judgment and petition herein have been acquired therein by the petitioner." Through some misunderstanding, these defendants did not receive actual notice of the motion or application made to the Special Term of this court for the confirmation of said report, and they now move that the order entered confirming said report be vacated as to said parcel, and these defendants, as claimants therein, granted appropriate relief.

It appears to be conceded by the briefs submitted that at the time when said judgment of condemnation was entered and title to the easements condemned vested in the plaintiff the parcel known as "Bronx place" was not a public highway, but was a private street, which had been opened in the development of a villa tract and upon and by which many lots had been sold for several years to such an extent that it could properly be regarded as having been by the owners of the abutting lands dedicated as a public street, and that, shortly after such condemnation and vesting, such dedication was actually accepted by the City of Yonkers, so that at the present time the same is a public street.

[1] It seems thoroughly well established that under the circumstances above named, viz., that the judgment of condemnation treated the easements condemned as being, to some extent at least, the property of the defendants, it was incompetent for the commissioners to hear or consider any claim on the part of the plaintiff that, notwithstanding the terms of the judgment, the same were, when the judgment was entered, the property of the plaintiff, and the defendants had no interest therein to be condemned. City of Geneva v. Henson, 195 N. Y. 447, at 455, 88 N. E. 1104; Village of Olean v. Steyner, 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640; Matter of City of Yonkers, 117 N. Y. 564, 23 N. E. 661. The commissioners therefore should not have received in evidence the alleged deed, and should have given due hearing to these defendants as claimants interested in said parcel taken or the acquired easements therein.

[2] It would appear, however, from the facts above stated as to the condition of Bronx place as a private street already dedicated to the public, that these defendants were entitled to receive from the commissioners only a nominal award. Village of Olean v. Steyner, 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640. In the case just cited the village of Olean instituted proceedings under its charter to acquire as and for a public street such a private street as Bronx place, which had in like manner been practically dedicated as a public highway. The commissioners of condemnation practically decided that the street had already been dedicated and accepted, and made merely a nominal award to the adjoining property owners who owned the fee of the land taken. The Court of Appeals held that the ground of the decision by the commissioners was wrong because there had been no acceptance, but that, in view of the private easements established, the added burden from the public use as a highway was merely technical and nominal, and that it could not be said that more than nominal damages should have been awarded, and that, therefore, the report of the commissioners was rightly confirmed by the lower court.

[3] Doubtless the placing of the Bronx Valley sewer in a public highway anywhere within the district to be served by that sewer cannot be regarded as an additional burden beyond the usual street uses to which the land included within such a highway is subject. It seems to me, therefore, that the reasoning of the Court of Appeals in the Olean Case, supra, is equally applicable to the situation here as to "Bronx place," namely parcel 73A. At the most, the right to build and maintain the public sewer is only a part of the added burden, the

whole of which in that case the Court of Appeals held to be "but technical and nominal."

[4] These defendants, however, should be put in a position where they can have their day in court and can appeal from the order of confirmation, if they are so advised.

[5] The motion therefore to vacate the order confirming the report as to parcel 73A is granted; and, upon and after argument heard of the motion to confirm said report as to said parcel, such motion is granted upon the ground above stated that the defendants upon the undisputed facts would at the most be entitled only to nominal damages, and therefore that it would be useless to refer the matter back to the commissioners for consideration and report.

The plaintiff has leave to file an affidavit setting forth the facts in regard to Bronx place as above stated, so that the record may contain them, as they do not seem to appear otherwise than by statements in the briefs.