(86 Misc. Rep. 540)

### In re HAMBURGER et al.

(Supreme Court, Special Term, New York County. July 3, 1914.)

1. EMINENT DOMAIN (§ 149*)—CONDEMNATION OF LAND—TAKING OF STREET BED—AWARD TO UNKNOWN OWNERS.

An award of substantial damages to the owner for the taking of the 'bed of a street laid out on a private map for the opening of the street was erroneous.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 327–331, 401; Dec. Dig. § 149.*]

2. EMINENT DOMAIN (§ 152*)—STREET OPENING PROCEEDINGS—AWARD FOR BED OF STREET—DISTRIBUTION—"ABUTTING OWNER."

Where in street opening proceedings a substantial award was erro-neously made to unknown owners for the taking of a street laid out on a private map, the "abutting owners" entitled to distribution of such award, in the absence of proceedings to vacate the same, did not include all per-sons assessed, but was limited to persons interested in the property, to wit, those who owned or had a claim on the property taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 403–406; Dec. Dig. § 152.*]

Proceedings for the opening of Marcy Place, etc., in New York County. Application of Samuel B. Hamburger and Charles W. Hoff-man for payment of the award. Motion granted.

A. Wheeler Palmer, of New York City (Merle I. St. John, of New York City, of. counsel), for the motion.

Frank L. Polk, Corp. Counsel, of New York City (Joel J. Squier and John J. Kearney, both of New York City, of counsel), opposed.

LEHMAN, J. [1, 2] The Commissioners of Estimate and Assess-ment made an award of $120 to "unknown owners" for the taking of the bed of a street laid out on a private map. The award of substan-tial damages was clearly erroneous, and upon a previous application made by the owner of the fee of the road to pay over the award to him or to divide it upon equitable principles between himself and the abutting owners who opposed the motion I denied the motion on the ground that I would not be a party to a proceeding to divide a fund to which the owner of the fee was not equitably or legally entitled and to which the abutting owners made no claim. The abutting owners, however, now move to divide the money by paying the owner of the fee the sum of $1 and dividing the remainder equally between them-selves. The owner of the fee does not oppose, and even seems desirous

---

· *For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of obtaining, an order to this effect. Consequently, I am bound to grant this motion if no other party has any interest in the fund.

While the fund should never have been created, so long as the award remains unrevoked, it must be given some effect. In the cases of Matter of Decatur Street, 196 N. Y. 286, 89 N. E. 829, 37 L. R. A. (N. S.) 281, and Matter of Schneider, 199 N. Y. 581, 92 N. E. 791, the Court of Appeals laid down the rule that opportunity should be given to the city to move to vacate the award. In the present case, the city has not only had ample opportunity to make such a motion, but the corporation counsel expressly states that such a motion would not be practicable, and it would consequently be quite useless to give such opportunity. In the case of Matter of Schneider, supra, the Appellate Division decided that the proper method of distribution of an award made under similar circumstances was to divide it proportionally among the persons assessed (see 136 App. Div. 444, 121 N. Y. Supp. 9); but the Court of Appeals, while approving the substance of the relief granted, held that this method of distribution was not correct and that this relief could be obtained only by seeking "in the first instance at least" to vacate the assessment. The Court of Appeals consequently reversed the order of the Appellate Division and granted leave to any party or the city of New York to move to set aside the award, and it provided that if such motion was not made or was denied "application may be made by either party for a rehearing in this proceeding before the same or another referee to the end that further evidence, if any, may be presented especially as to the proportionate interests, and as to the amounts assessed to and paid by the abutting owners for the improvement." I cannot concur with the apparent view of the corporation counsel that the Court of Appeals intended by the words "abutting owners" and "abutters" to include all parties assessed and that all such parties have a direct interest in the award so that no motion in the first instance to set it aside need be made, if such a procedure is impracticable, in order to allow all such parties to share in the award. In my opinion, the Court of Appeals clearly holds that an erroneous award should be set aside at any time, but that if not set aside the persons interested therein are those who owned or had a claim upon the property taken, and that distribution must be made equitably among them.

It follows that the motion must be granted. Order signed.