(August 3, 1925.)

THE CITY OF LEWISTON, a Municipal Corporation, Respondent, v. CALEB BRINTON, Appellant.

[239 Pac. 738.]

EMINENT DOMAIN—PUBLIC WAY—EASEMENT OF PRIVATE WAY—NECESSARY PARTIES—APPEAL AND ERROR—WAIVER OF DEMURRER BY SUBSEQUENT ANSWER—MEASURE OF DAMAGES—INSTRUCTIONS.

1. Holders of an easement of right of way in a strip of land, named in the complaint as such, are, under C. S., sec. 7410, neces-

sary parties defendant in a proceeding to condemn such private way for a public way.

2. C. S., sec. 6725, provides that a demurrer is not waived by filing an answer at the same time, and therefore a demurrer to a complaint is not waived by filing a subsequent answer.

3. The fair, cash, market value of the property sought to be taken is the measure of damages for the amount taken.

4. If the property sought to be condemned constitutes only a part of a larger parcel there must be estimated and assessed the damages, if any, which will accrue to the portion not sought to be condemned.

5. Where a private way is taken for a public way, if the use for which it is taken is no more burdensome than the existing easement, the owner of the fee is only entitled to nominal damages as to the part taken.

6. Instructions examined and *held* erroneous.

7. Requested instructions examined and *held* properly refused.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action to condemn private way for public way. Judgment for condemnation and against the city in the sum of $1 and costs. *Reversed and remanded.*

Tannahill & Leeper, for Appellant.

All persons who own or claim an interest in the land sought to be condemned must be made parties defendant and failure to do so renders the complaint demurrable and all proceedings in the case void. (20 C. J., p. 593, par. 83, p. 656, par. 131, p. 847, par. 286; C. S., secs. 5324-9456; Lewis

Publisher's Note.

5. Damages or injuries for which compensation must be made in eminent domain, see notes in 31 Am. Dec. 373; 88 Am. Dec. 113; 4 Am. St. 399; 9 Am. St. 144; 19 Am. St. 459; 22 Am. St. 50; 85 Am. St. 291.

Right to compensation for taking private right of way, see note in 19 Ann. Cas. 681.

6. Instructions as to fixing value of property taken or damaged in eminent domain, see note in 3 Ann. Cas. 302.

on Eminent Domain, 3d ed., secs. 535–548; *Anderson v. Pemberton,* 89 Mo. 61, 1 S. W. 216; *Brush v. Detroit,* 32 Mich. 43.)

The instructions of the court confining the measure of damages to the fair, cash, market value of the land sought to be taken did not set forth the proper measure of damages, and the verdict of the jury and the subsequent judgments are void because the land taken constituted two separate parcels of land, and the separate parcels were not separately assessed, and the land taken constitutes part of larger subdivisions and the damages to the remainder thereof were not assessed nor were corresponding benefits assessed. (C. S. 7407, 7410–7414; *Vallejo & N. R. Co. v. Home Savings Bank,* 24 Cal. App. 166, 140 Pac. 974; Lewis on Eminent Domain, 3d ed., secs. 765, 766.)

Condemnation proceedings are entire, and in making a condemnation of land the entire estate therein must be condemned and the proceeds divided among the owners, all of whom must be made parties defendant. (*Rawson Works Lumber Co. v. Richardson,* 26 Ida. 37, 141 Pac. 74; *Sexton v. New York,* 130 App. Div. 148, 114 N. Y. Supp. 565; *Matter of St. Nicholas Terrace,* 76 Hun, 610, 27 N. Y. Supp. 765; *Matter of N. Y. Board of Water Supply,* 73 Misc. 231, 130 N. Y. Supp. 997; 20 C. J., p. 758, par. 216, p. 850, par. 287; Lewis on Eminent Domain, 3d ed., sec. 716.)

Verner R. Clements, for Respondent.

The owner of an easement is not a necessary party where the easement is of such character that its enjoyment will not be interfered with for the purpose for which the land is condemned. (15 Cyc. 838; *Allen v. Chicago,* 176 Ill. 113, 52 N. E. 33; *Abbott v. Stewartstown,* 47 N. H. 228; Elliott on Roads and Streets, sec. 354; *In re Opening 116 Street,* 1 App. Div. 436, 37 N. Y. Supp. 508; *Clayton v. Gilmer Co. Court,* 58 W. Va. 253, 52 S. E. 103, 2 L. R. A., N. S., 598; *Matter of Niagara Falls R. Co.,* 48 Hun, 616, 15 N. Y. 546; *Matter of First Street,* 58 Mich. 641, 26 N. W. 159; *Halloway v. Southmayd,* 139 N. Y. 390, 34 N. E. 1047–1052; *Sho-*

*walter v. Southern Kansas R. Co.,* 49 Kan. 421, 32 Pac. 42; *Challiss v. Atchison Union Depot Co.,* 45 Kan. 398, 25 Pac. 894; *Atchison, Topeka & Santa Fe v. Patch,* 28 Kan. 470; *In re Carroll,* 137 App. Div. 39, 121 N. Y. Supp. 435; *In re Hamburger,* 86 Misc. 540, 149 N. Y. Supp. 173.)

Nominal damages only should be awarded the owner of the fee for land taken for public use which is subject to an easement when the public use does not interfere with the enjoyment of the existing easement. (1 Nichols on Eminent Domain, p. 349; *Walker v. Schauf,* 196 N. Y. 286, 89 N. E. 829, 37 L. R. A., N. S., 28; *Westchester Co. v. Wakefield Park,* 71 Misc. 488, 129 N. Y. Supp. 156; *Stetson v. City of Bangor,* 60 Me. 313; *Olean v. Steyner,* 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640; *Re City of Brooklyn,* 73 N. Y. 184; *Lord v. Atkins,* 138 N. Y. 184, 33 N. E. 1035; *Re Open..g 11th Ave.,* 81 N. Y. 436, 446; *White's Bank v. Nichols,* 64 N. Y. 65, 73; *Re Grand Boulevard,* 212 N. Y. 538, 106 N. E. 631; *Barlett v. Bangor,* 67 Me. 460; *City of St. Louis v. Clegg,* 289 Mo. 321, 233 S. W. 1; *In re Schneider,* 136 App. Div. 444, 121 N. Y. Supp. 9; *In re Titus Street,* 152 App. Div. 752, 137 N. Y. Supp. 817.)

GIVENS, J.—Respondent, City of Lewiston, instituted this action to procure by eminent domain a permanent way for a public alley over and across a parcel of land belonging to appellant, Caleb Brinton, the only party defendant. Appellant demurred on the grounds that the complaint did not state facts sufficient to constitute a cause of action and that it showed upon its face a defect of parties defendant, because the complaint alleged that certain parties named therein held easements over the strip sought, which demurrer was overruled and the appellant answered, denying the right of the city to condemn; denying necessity; alleging that the nine owners of easements of a private way over this land were proper and necessary parties defendant; and denying the making of any *bona fide* offer of settlement and setting forth the value of the premises sought to be taken and damages accruing by virtue of the taking. Thereafter, upon application by the city to the court, commissioners were appointed

who assessed and determined damages, allowing appellant $100 for the land in question, which amount was refused and a motion was made by appellant to set it aside, which motion was denied. The cause was tried to a jury and a verdict rendered for appellant in the sum of $1. Judgments were entered for condemnation and against the city in the sum of $1 and costs on February 1, 1924. From the judgments entered and the interlocutory orders made this appeal is taken.

Whether the rights of easement owners were interfered with or impaired in any manner was a question of fact only determinable if they were parties; furthermore, under C. S., sec. 7414, it must be determined whether damages accrue to the portion of the property remaining to the owner after the portion condemned has been taken. Appellant herein owned buildings adjacent to the proposed alley and consequently if the tenants were affected by the change in the thoroughfare he would be affected, and, furthermore, those who claimed easements might be vitally affected by the changed use resulting from the establishment of the proposed alley. These easement claimants should therefore have been made parties. (C. S., sec. 7410.)

Appellant's second proposition is that the court erred in its instruction to the jury that the measure of defendant's damages was the fair, cash, market value of the land sought to be condemned on May 3, 1921, urging that no such rule of damages ever prevailed in this state in condemnation proceedings. In *Portneuf-Marsh etc. Co. v. Portneuf I. Co.,* 19 Ida. 483, 114 Pac. 19, the following rule of damages in such a case was announced: "The reasonable market value of the property sought to be taken is the true measure of damages for the amount taken." (*In re Opening of 116th St.,* 1 App. Div. 436, 37 N. Y. Supp. 508; *Westchester County v. Wakefield Park,* 71 Misc. 488, 129 N. Y. Supp. 156.) This instruction as far as it went was correct, but in view of C. S., sec. 7414, the jury should have been instructed on damages which might accrue to the remaining portion of appellant's property not sought to be condemned.

Where a private way is taken for a public way, if the public use does not interfere with the enjoyment of the way, and if the burden on the land is practically identical, the owner of the fee is entitled only to nominal damages. Whether such use as a public way does add to the burden on the land is a question of fact to be determined and taken into consideration by the jury.

"It is quite evident that the public right taken deducting therefrom the value of the easement, leaves only a nominal injury, because the added burden is in no manner increased by absorbing the private in the public right, or substituting the latter in the room and stead of the former, since as burdens on the land, they are substantially identical." (*Village of Olean v. Steyner,* 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640.)

"Where the property taken for street purposes is subject to an easement, the measure of damages to the owner of the fee is not the full value of the property, but its value subject to the easement, and if such easement is for a purpose with which the use of the land as a street will not interfere, the person in whose favor it exists is entitled to no damages." (*In re Opening of 116th St., supra; Re City of Brooklyn,* 73 N. Y. 184.) *In re Carroll St.,* 137 App. Div. 39, 121 N. Y. Supp. 435; *In re Titus St.,* 152 App. Div. 752, 137 N. Y. Supp. 817; *Re Grand Blvd.,* 212 N. Y. 538, 106 N. E. 631; Nichols on Eminent Domain, 349; *Walker v. Schauf,* 196 N. Y. 286, 89 N. E. 829, 37 L. R. A., N. S., 281; *Barlett v. Bangor,* 67 Me. 460; *Walker v. Manchester,* 58 N. H. 438; *Wilkins v. Manchester,* 74 N. H. 275, 67 Atl. 560; *Re Ethel St.,* 3 Misc. 403, 24 N. Y. Supp. 689; *Re Adams,* 141 N. Y. 297, 36 N. E. 318; *Gamble v. Philadelphia,* 162 Pa. 413, 29 Atl. 739; *Chicago etc. v. Chicago,* 166 U. S. 226, 17 Sup. Ct. 581, 41 L. ed. 979; *In re Schneider,* 136 App. Div. 444, 121 N. Y. Supp. 9.

*Pence v. Durbin,* 1 Ida. 550, following *Pierce v. Minturn,* 1 Cal. 470, and *De Boom v. Priestly,* 1 Cal. 206, held that answering after the overruling of a demurrer waived the defects in the complaint except such as might be raised upon a

motion in arrest of judgment. This case was decided in 1874. In 1881 section 266 of chapter 14 was passed, being the same as the present section 6725 of the C. S., providing that a demurrer is not waived by filing an answer at the same time. Section 6725 is identical with section 472 of the Code of Civil Procedure of California, adopted in 1872. The California supreme court in *Reynolds v. Lincoln,* 71 Cal. 183, 9 Pac. 176, 12 Pac. 449; *Curtiss v. Bachman,* 84 Cal. 216, 24 Pac. 379, and *Hurley v. Ryan,* 119 Cal. 71, 51 Pac. 20, has held that under their section 472, since a demurrer is not waived by filing an answer at the same time, it is not waived by filing an answer subsequent to the filing and overruling of a demurrer, remarking that hundreds of cases have been reviewed in this way, and expressly overruling *Pierce v. Minturn, supra,* and *De Boon v. Priestly, supra.* The reasoning of these later California cases is cogent and we believe they announce the proper construction to be given sec. 6725, C. S.

Appellant contends the court should not have overruled appellant's objection to the question propounded to the witness White asking him the fair, cash, market value of the land. This was not error by reason of the rule of damages heretofore passed on.

A like objection was made to a like question propounded to the witness Salsberg. The ruling was not erroneous, as the witness testified that he was a property owner and knew property values in Lewiston at the date of the condemnation proceedings, sufficiently qualifying the witness to testify to the fair, cash, market value of the land.

From what has been said upon the right of the easement owners to recover damages herein, though certain elements of the questions propounded to Wilks, Ferschler and Wolfe as to the value of the property and easements were proper, the court did not err in sustaining the questions in the form propounded.

The latter portion of instruction No. 1 was erroneous because it overlooked sec. 7414, C. S., as stated above.

Instruction No. 3 was correct as far as it went but there should have been an instruction bringing to the attention of the jury the law as set forth in C. S., sec. 7414.

In view of the fact that upon a retrial of this case the easement owners will be parties defendant, it is unnecessary to, at this time, comment upon the court's action in the previous trial with respect to appellant's requested instructions numbered 1, 2 and 3.

It is unnecessary to consider the other alleged error and for those specified the case is reversed and remanded, and it is so ordered. Costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.

Budge, J., took no part in the opinion.

Petition for rehearing denied.